# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



151 West Seventh Ave., Suite 300
Post Office Box 1335
Eugene, Oregon 97440
(541) 465-6767
FAX: (541) 465-6898

July 14, 2006

Mr. David Mills
Attorney at Law
115 W.8th Ave. #280
Eugene, OR 97401

Mr. Robert Smith
19186 Antioch Rd.
White City, OR 97503

RE: <u>David Wurst, Trustee v. Robert Smith</u>  05-7052-fra
Main Case: <u>In re Renee Willshire</u>  05-63751-fra7

Dear Sirs:

    Plaintiff filed this adversary proceeding against Defendant, seeking a judgment declaring that the post-petition execution and recording of a deed of trust in favor of Defendant regarding a pre-petition debt to same is void as a violation of the automatic stay pursuant to Bankruptcy Code § 362. Alternatively, the Plaintiff seeks to avoid the recording of the trust deed as a preferential transfer under Code § 547 and recover the trust deed for the benefit of the estate. Defendant filed an Answer in which he says the Trustee told him his interest in the Debtor's real property needed to be secured by a deed of trust and that is the reason he had it executed and recorded.

    Plaintiff filed a motion for summary judgment along with the required concise statement of material facts. Defendant failed to file a response and corresponding concise statement. For the reasons that follow, Plaintiff's motion is granted.

<u>Summary Judgment</u>

    Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056. The movant has the burden of establishing that there is no genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). The court must view the facts and draw all inferences in the light most favorable to the nonmoving party. <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987). The primary inquiry is whether the evidence presents a sufficient disagreement to require a trial, or whether it is so one-sided that one party must prevail as a matter of law. <u>Anderson v. Liberty</u>

Lobby, Inc., 477 U.S. 242, 247 (1986).

A party opposing a properly supported motion for summary judgment must present affirmative evidence of a disputed material fact from which a factfinder might return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56(e), provides that the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must respond with specific facts showing there is a genuine issue of material fact for trial. Absent such response, summary judgment shall be granted if appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 326-27 (1986).

## Discussion

Local Rule 56.1, made applicable by Local Bankruptcy Rule 7056-1, provides that "[f]or purposes of a motion for summary judgment, material facts set forth in the concise statement of the moving party will be deemed admitted unless controverted by a separate concise statement of the opposing party." As the opposing party (the Defendant in this case) did not file a separate concise statement, the following material facts will be deemed admitted:

1. Debtor held a pre-petition interest in certain real property located in Jackson County which is property of the bankruptcy estate.

2. Debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code on May 11, 2005.

3. Defendant filed a secured claim in the amount of $40,000 which the Trustee objected to on September 29, 2005, on the basis that no security interest in favor of Defendant had been recorded.

4. On October 19, 2005, the Trustee executed and caused to be recorded a notice of *Lis Pendens* on the real property described above.

5. On November 7, 2005, the Debtor executed a trust deed on the real property to secure the payment of $40,000, naming Defendant as beneficiary; the trust deed was recorded on November 8, 2005.

Actions taken in violation of the automatic stay of Bankruptcy Code § 362(a) are void, as opposed to avoidable. Schwartz v. U.S. (In re Schwartz), 954 F.2d 569, 575 (9th Cir. 1992). I agree with the court in In re Donpedro, 2004 WL 3187072 (Bankr. N.D. Cal. 2004), which held that in a chapter 7 setting the post-petition execution and recording of a deed of trust by a debtor, which purports to encumber bankruptcy estate property, violates Code § 362(a)(3), which stays any act to exercise control over property of the estate. This is so because a chapter 7 debtor has no power to convey an interest in estate property; this power is exclusive to the chapter 7 trustee.

The unopposed material facts provide the Plaintiff with a *prima facie* case that the Debtor executed and had recorded post-petition a deed of trust purporting to encumber estate property in Jackson County. As discussed above, this action violated Code § 362(a)(3) and was void.

## Conclusion

The Trustee is entitled to summary judgment declaring void the trust deed dated November 7, 2005 between Renee Willshire, as grantor, First American Crater Title, as trustee, and Robert Smith, as beneficiary, recorded on November 8, 2005 in the Jackson County Official Records as Reception Number 2005-068453. The Plaintiff's attorney should submit a form of order in conformance with this letter opinion.

Very truly yours,

*[signature]*

FRANK R. ALLEY, III
Bankruptcy Judge